J-S07035-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOUGLAS BITTING, IV, | : | |
| | : | |
| Appellant | : | No. 1322 EDA 2019 |

Appeal from the PCRA Order Entered April 4, 2019
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001594-2010

BEFORE:   NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 22, 2020**

John Douglas Bitting, IV (Appellant), appeals *pro se* from the April 4, 2019 order dismissing his motion for post-conviction DNA testing filed pursuant to section 9543.1 of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash.

Pertinent to this appeal, we provide the following background.

> On March 3, 2011, a jury convicted Appellant of burglary, robbery (inflicts serious bodily injury), robbery (threatens serious bodily injury), aggravated assault, simple assault, and conspiracy to commit burglary stemming from a brutal, early-morning home invasion that occurred on September 6, 2008. On May 26, 2011, the trial court sentenced Appellant to an aggregate term of 21 to 42 years' imprisonment.  Appellant timely appealed, and this Court affirmed the judgment of sentence on September 21, 2012.  On July 16, 2013, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.  Appellant did not seek review by the Supreme Court of the United States.

---

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Bitting*, 136 A.3d 1036 (Pa. Super. 2016) (unpublished memorandum at 1-2) (footnotes omitted). Appellant timely filed a PCRA petition, which the PCRA court dismissed. On appeal, this Court affirmed the PCRA court's dismissal order. *Id.* On October 4, 2016, our Supreme Court denied Appellant's petition for allowance of appeal. *Id.*, *appeal denied*, 158 A.3d 1230 (Pa. 2016).[1]

On March 1, 2019, Appellant filed a "Petition for a Protective Order to Preserve DNA Evidence from Destruction" (Petition to Preserve) with the PCRA court. Therein, Appellant requested that the Commonwealth protect specific evidentiary items from destruction. The Petition to Preserve did not request DNA testing or otherwise comply with the requirements of 42 Pa.C.S. § 9543.1 for such a request.[2] Despite this, on March 8, 2019, the

---

[1] Thereafter, Appellant filed a petition for writ of *habeas corpus* in the federal court, which was denied by the district court. *Bitting v. Kerestes*, 2018 WL 355148 (E.D. Pa. 2018) (unreported order).

[2] The DNA testing statute provides, in pertinent part, as follows.

> An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment ... may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S. § 9543.1(a)(1). Within this motion, the applicant must:

*(Footnote Continued Next Page)*

PCRA court issued an order stating that it was considering the Petition to Preserve as a request for DNA testing pursuant to 42 Pa.C.S. § 9543.1. PCRA Court Order, 3/8/2019, at n.1. Accordingly, the PCRA court ordered the Commonwealth to respond to the Petition to Preserve and to take all steps reasonably necessary to ensure the preservation of the evidence. *Id.*

On April 3, 2019, the Commonwealth responded to the Petition to Preserve, arguing that the PCRA court should dismiss the petition because, *inter alia*, Appellant failed to comply with the requirements of 42 Pa.C.S. § 9543.1. Commonwealth's Answer, 4/3/2019, at 48.

In the meantime, on March 29, 2019, Appellant filed a "Petition for Post-Conviction DNA Testing Pursuant to Title 42 Pa.C.S. § 9543.1" (Petition

*(Footnote Continued)* ————————————

> (3) present a *prima facie* case demonstrating that the:
>
> > (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
> >
> > (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
> >
> > > (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(c)(3)(i)-(ii)(A).

***Commonwealth v. Kunco***, 173 A.3d 817, 823 (Pa. Super. 2017).

to Test), wherein Appellant requested post-conviction DNA testing and attempted to comply with the requirements of 42 Pa.C.S. § 9543.1. On April 4, 2019, the PCRA court dismissed the Petition to Test as moot because the PCRA court had already construed the Petition to Preserve as Appellant's petition for post-conviction DNA testing, and that matter was still pending before the PCRA court.[3]

Appellant timely filed a notice of appeal from the PCRA court's April 4, 2019 order.[4] On appeal, Appellant raises one question for our review:

> Because the PCRA court incorrectly characterized Appellant's [Petition to Preserve] as a petition for post-conviction DNA testing pursuant to [] 42 Pa.C.S. § 9543.1 – Appellant's position is that the PCRA court erred in denying his properly filed petition for post-conviction DNA testing pursuant to [] 42 Pa.C.S. § 9543.1 as moot.

Appellant's Brief at 4 (designations altered). Appellant summarized his argument succinctly as follows.

> Appellant's position is that the PCRA court erred when it denied his Petition to Test. That denial prevented Appellant from satisfying the elements required in [] 42 Pa.C.S. § 9543.1. Thus, the PCRA court extinguished any opportunity Appellant had at obtaining testing on the untested DNA.
>
> The PCRA court believes that Appellant's Petition to Test was irrelevant because [it] already treated Appellant's previously filed Petition to Preserve as if it was a petition to test. However,

---

[3] That matter remains pending before the PCRA court at this time. *See* Commonwealth's Brief at 19-20.

[4] Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925. Specifically, the PCRA court issued an order in lieu of opinion, appending its March 8, 2019 order and April 4, 2019 order.

Appellant's Petition to Preserve did not satisfy any of the elements in [] 42 Pa.C.S. § 9543.1. Appellant's Petition to Preserve was only intended to preserve the DNA evidence from destruction -- and not to be treated as a petition to test.

Appellant's Brief at 9 (designations altered; unnecessary capitalized omitted).

As an initial matter, we must consider whether we have jurisdiction. Generally, an appeal may be taken only from a final order of court. *See* Pa.R.A.P. 341 (relating to final orders). In the context of 42 Pa.C.S. § 9543.1, an "order granting or denying the motion for DNA testing disposes of all claims raised by all parties to the litigation, [and] is, therefore, a final order." ***Commonwealth v. Scarborough***, 64 A.3d 602, 609 (Pa. 2013) (citation omitted).

Here, Appellant is not appealing from an order granting or denying his petition for post-conviction DNA testing; that request is still pending before the PCRA court in the form of Appellant's Petition to Preserve. Instead, the order appealed from dismissed Appellant's Petition to Test as moot because the PCRA court was already considering Appellant's Petition to Preserve as a petition for post-conviction DNA testing. Thus, because the order appealed from does not constitute a final order, Appellant's appeal is premature.[5] ***See id.***; Pa.R.A.P. 341.

---

[5] In fact, the PCRA court asks us to quash this appeal as premature because Appellant "has a cognizable PCRA petition for both the preservation and testing of DNA evidence still pending before th[e PCRA c]ourt[.]" PCRA
*(Footnote Continued Next Page)*

- 5 -

Accordingly, we are constrained to quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judge King did not participate in this decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20

---

*(Footnote Continued)* ————————

Court Order, 6/10/2019, at 4. This Court may address a premature appeal when the subsequent actions of the PCRA court fully ripen it. **See** Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Here, as noted *supra*, this matter is still pending before the PCRA court. Thus, Rule 905 does not apply, and we may not address this matter at this time.